**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | No. CV-05-3579-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| George H. Johnson et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

    Pending before this Court are Defendants' Motion to Dismiss Plaintiff's Claim for Injunctive Relief (Dkt. # 4) and Defendants' Motion to Compel Joinder of a Necessary Party (Dkt. #5). With regard to both Motions, Plaintiff filed an Opposition and Defendants filed a Reply.

BACKGROUND

    The United States of America brought this action against George H. Johnson, Johnson International, Inc., and General Hunt Properties, Inc. (collectively "Defendants") for alleged violation of the Clean Water Act ("CWA"), 33 U.S.C. § 1319(b) and (d).  Plaintiff alleges that Defendants violated the CWA by discharging dredged or fill material into waters of the United States as part of their mechanized land clearing and levee construction activities without the permits required under CWA section 404, 33 U.S.C. § 1344.  According to Plaintiff, the alleged illegal discharges on the King and La Osa Ranches in Pinal County,

1 Arizona ("the subject property"), filled with dredge material at least 100 acres of waters of
2 the United States, including portions of the Santa Cruz River and its tributaries.  Plaintiff
3 seeks the following: (1) to enjoin the discharge of pollutants into waters of the United States
4 without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require
5 Defendants, at their own expense and at the direction of the Environmental Protection
6 Agency, to restore and/or mitigate the damages caused by their unlawful activities; and (3)
7 to require Defendants to pay civil penalties as provided in CWA section 309(d), 33 U.S.C.
8 § 1319(d).

9 In the Motion to Dismiss, Defendants contend that they no longer own the subject
10 property, thus, Plaintiff cannot properly allege that Defendants must be enjoined from further
11 discharging any dredged or fill material or pollutants into any waters of the United States.
12 Defendants propose that the Court, therefore, should dismiss Plaintiff's claims for injunctive
13 relief.  Plaintiff responds by stating that the Court should deny Defendants' Motion to
14 Dismiss because Rule 12(b)(6) does not allow for a court to strike prayers for relief and any
15 attempt to strike such prayers for injunctive relief is premature.  Plaintiff further asserts that
16 the CWA expressly authorizes the injunctive relief sought in the Complaint.

17 Defendants also have filed a Motion to Compel Joinder of a Necessary Party.
18 Defendants claim that it is necessary to join 3F Contracting, Inc., ("3F") in this lawsuit
19 because 3F was responsible for placing the dredged material in the waterway.  Plaintiff's
20 Response claims that 3F is not a necessary party because 3F was not the only entity acting
21 on Defendants' behalf with regard to clearing the subject property and that complete relief
22 can be accorded between the parties without adding 3F.

## LEGAL STANDARD

A.   MOTION TO DISMISS

25 A motion to dismiss for failure to state a claim will be denied unless it is "clear
26 that no relief could be granted under any set of facts that could be proved consistent with
27 the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing
28 Swierkiewicz v. Sorema N.A., 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).  A

1  complaint must contain a "short and plain statement of the claim showing that the pleader
2  is entitled to relief." Fed.R.Civ.P. 8(a). "Each averment of a pleading shall be simple,
3  concise, and direct. No technical forms of pleading or motions are required."
4  Fed.R.Civ.P. 8(e). These rules "do not require a claimant to set out in detail the facts
5  upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain
6  statement of the claim' that will give the defendant fair notice of what the plaintiff's claim
7  is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2
8  L.Ed.2d 80 (1957).

9  B.   JOINDER

10     Federal Rule of Civil Procedure 19(a) requires joinder of persons whose absence
11  would preclude the grant of complete relief, or whose absence would impede their ability
12  to protect their interests or would subject any of the parties to the danger of inconsistent
13  obligations. Necessary parties are those "having an interest in the controversy, and who
14  ought to be made parties, in order that the court may act on that rule which requires it to
15  decide on and finally determine the entire controversy, and do complete justice, by
16  adjusting all the rights involved in it." CP Nat'l. Corp. v. Bonneville Power Admin., 928
17  F.2d 905, 912 (9th Cir.1991) (quoting Shields v. Barrow, 58 U.S. (17 How.) 130, 139,
18  (1854)). An entity's status as a necessary party is determined in the context of the
19  particular litigation. Id. This standard is met when failure to join will lead to
20  "unnecessary and repetitive litigation ." Id.

21                 INJUNCTIVE RELIEF AND THE CLEAN WATER ACT

22     The basis of Defendants Motion to Dismiss is that Plaintiff pleaded injunctive
23  relief as a claim and not merely as a claim for relief. Defendants assert that Plaintiff's
24  Complaint fails to state a claim for injunctive relief because Defendants no longer own
25  the ranch land which is subject to the Complaint. Defendants further claim that Plaintiff
26  can prove no set of facts which would entitle it to injunctive relief.

27     The district court has considerable discretion to fashion appropriate injunctive
28  relief, particularly where the public interest is involved. See Virginian Railway Co. v.

1  System Federation No. 40, etc., 300 U.S. 515, 552, 57 S.Ct. 592, 601, 81 L.Ed. 789
2  (1937); State of California v. Tahoe Regional Planning Agency, 766 F.2d 1319, 1324
3  (9th Cir. 1985) (district court has greater power to fashion equitable relief in defense of
4  the public interest than it has when only private interests are involved), amended, 775
5  F.2d 998 (9th Cir.1985).  The Supreme Court has recognized that the Clean Water Act
6  gives the district court discretion "to order that relief it considers necessary to secure
7  prompt compliance with the Act."  Weinberger v. Romero-Barcelo, 456 U.S. 305, 320,
8  102 S.Ct. 1798, 1807, 72 L.Ed. 2d 91 (1982).

9       In its Complaint, Plaintiff's claims for injunctive relief are not limited to the
10 subject property.  In fact, Plaintiff seeks an injunction to enjoin Defendants to undertake
11 measures to effect complete restoration of the waters of the United States that have been
12 impacted by Defendants' alleged violations of the CWA.  Plaintiff also seeks an
13 injunction to enjoin Defendants to conduct off-site mitigation for un-restorable
14 environmental damage.  Thus, Plaintiff's claims for injunctive relief are not exclusively
15 tied to Defendants' ownership of the subject property.

16      Furthermore, Defendants assert that "[d]ue to pressure from plaintiff and other
17 associated governmental entities, Johnson International sold La Osa Ranch and [the
18 George H. Johnson Revocable] Trust sold King Ranch in 2004."  Def.s' Mot. to Dismiss
19 Pl.'s Claims for Injunc. Relief p.2.  However, it is not in the public interest to allow
20 alleged violators of the CWA to avoid potential clean-up responsibilities simply by
21 selling the land upon which the alleged violations occurred.  Therefore, Defendants'
22 statement further supports allowing Plaintiff's claims for injunctive relief to proceed.  For
23 all of the aforementioned reasons, the Court denies Defendants' Motion to Dismiss
24 Plaintiff's Claims for Injunctive Relief (Dkt. # 4).

25

26                         JOINDER OF A NECESSARY PARTY
27      In its Motion to Compel Joinder of a Necessary Party (Dkt. #5), Defendants assert
28 that 3F Contracting, Inc., ("3F") is a necessary party to this litigation and failure to join

- 4 -

3F will force Defendants to suffer prejudice. Defendants claim that complete relief cannot be accorded among the parties in this case without joining 3F because 3F was the company Defendants hired to conduct the earth-moving and land-clearing activities on the subject property – the same activities that Plaintiff alleges were done in violation of the CWA.

Defendants assert that 3F made the unilateral decision to push debris into the washes without Defendants' authorization. In fact, Defendants contend that they directed 3F to clear the brush and debris into piles and burn it. Defendants aver that they would be prejudice if 3F is not joined as a party because Defendants would be precluded from sharing or apportioning fault with 3F. Defendants argue that they then may be forced to bring subsequent litigation against 3F.

In Plaintiff's Opposition to Defendants' Motion to Join a Necessary Party, Plaintiff advances that 3F is not a necessary party because complete relief can be accorded among the parties without joining 3F in the present litigation. Plaintiff argues that there may be other liable parties in addition to 3F who have had a relationship with Defendants and the subject property. Plaintiff asserts that, because Defendants may have other future litigation pertaining to the subject land, beyond that with 3F, Defendants need not join 3F as a necessary party in the present litigation. Plaintiff also suggests that Defendants aim in moving to add 3F as a necessary party may be to accomplish some sort of collateral litigation advantage.

According to Defendants, 3F contracted with Defendants to perform the land clearing that led to the present litigation. If 3F is responsible for placing the dredge material in the waterways as Defendants assert, 3F's absence from this lawsuit may force Defendants to bring a subsequent lawsuit against 3F resulting in unnecessary, repetitive litigation. Thus, 3F's absence from the instant case may preclude the Court from establishing complete relief in one lawsuit. Furthermore, as an alleged actor in the relevant land clearing that resulted in this lawsuit, 3F has an interest in the present controversy. Therefore, in the interest of affording complete relief and to facilitate an

1  expeditious resolution of this subject matter, the Court grants Defendants' Motion to
2  Compel Joinder of a Necessary Party (Dkt. #5).
3       **Accordingly,**
4       **IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiff's Claim for
5  Injunctive Relief (Dkt. #4) is denied.
6       **IT IS FURTHER ORDERED** that Defendants' Motion to Compel Joinder of a
7  Necessary Party (Dkt. #5) is granted.
8       **IT IS FURTHER ORDERED** that the parties' request for oral argument is
9  denied.
10      DATED this 15th day of November, 2006.

_____
Mary H. Murguia
United States District Judge